UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| TERESA MULLINS, | ) |
| Plaintiff, | ) Civil Action No. 7: 06-39-DCR |
| V. | ) |
| JO ANNE BARNHART, | ) **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) **AND ORDER** |
| Defendant. | ) |

*** *** *** ***

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Teresa Mullins ("Mullins") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9 and 10] Through this action, Mullins seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to Supplemental Security Income payments. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Mullins.

**I.     BACKGROUND**

Mullins filed her application for Supplemental Social Security Income payments on March 14, 2003. This claim was denied initially and upon reconsideration. Thereafter, Mullins requested a hearing before an ALJ. On January 11, 2005, a hearing was conducted before ALJ Andrew J. Chwalibog. During this hearing, the ALJ heard testimony from Mullins and Leah

Salyers, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Mullins. [See Transcript ("Tr."), pp. 11-21.] The ALJ concluded that Mullins retained the residual functional capacity to perform a significant range of medium work. [Tr., p. 20] Mullins's request for review was denied by the Appeals Council on February 3, 2006. [Tr., pp. 4-6]

At the time of the hearing, Mullins was a 48 year-old individual with a high school equivalency education. [Tr., p. 15] She has past work experience as a school cook, student aide, deli cook, and cashier. [Tr., p. 15] Mullins alleges disability beginning February 25, 2003, due to hypertension, ulcers, heartburn, acid reflux, and trouble breathing. [Tr., p. 67] After a careful review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Mullins had the residual functional capacity to perform a significant range of medium work and, therefore, was not disabled as defined in the Social Security Act and regulations. [Tr., p. 20]

## II.     LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment

which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility

determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.  DISCUSSION

Mullins's sole argument in this action is that the ALJ failed to take into consideration the lay witness testimony of a non-medical source as required by 20 C.F.R. § 416.913(d)(4). Specifically, Mullins notes that, the ALJ's decision failed to indicate whether he considered the third party function report which contained statements of Mullins's sister in which she offered her opinions as to Mullins's disabled status.

The Commissioner asserts that, although the ALJ did not address the statements of Mullins's sister in his decision, he did not err in failing to specifically articulate the weight he attached to the statements made by her. The Commissioner notes that the ALJ need not discuss every piece of evidence in order for the decision to be supported by substantial evidence in the record. The Commissioner further asserts that the ALJ was not required to address Mullins' sister's statements under 20 C.F.R § 416.913(d)(4) and that he was not required to give the statements any weight because Mullins has not shown that the statements were supported by the reports of treating physicians.

In *Higgs v. Bowen*, 880 F.2d 860 (6th Cir. 1988), the Sixth Circuit held that the Appeals Council did not err by failing to "spell out" in its opinion the weight it attached to lay witness testimony where the Appeals Council stated that it "considered the entire record which was before administrative law judge, including the testimony at the hearing." *Higgs*, 880 F.2d at 864.

Here, the ALJ stated in his decision that "[a]fter careful consideration of the entire record," he could not concluded that Mullins was disabled. [Tr., p. 20]  While Mullins acknowledges the *Higgs* decision, she argues that it is not dispositive of the issue inasmuch as the regulations have since been modified "to include a clearer statement about the consideration of evidence from sources other than 'acceptable medical sources.'" [Record No. 9, p. 4]  In response, the Commissioner asserts that even though *Higgs* was decided prior to the clarification of the regulations in 2000, it remains good law.

The regulations provide, in relevant part, that "[i]n addition to evidence from the acceptable medical sources . . . [the SSA] *may* also use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work . . . ." *See* 20 C.F.R. 416. 913(d) (emphasis added).[1]  The language of the regulations is permissive. Thus, an ALJ is not required to consider lay witness or other non-medical source to determine a claimant's capacity to work.

In *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983), the Sixth Circuit held that "[p]erceptible weight must be given to lay testimony where . . . it is fully supported by the reports of the treating physicians."  Mullins's sister stated that the Claimant does not handle stress well because "it makes her go to the bathroom and her blood pressure goes up." [Tr., p. 82]  Mullins's sister also stated that "[m]any times Teresa has had to stop at my house and use my bathroom or has to stop and rest." [Tr., p. 83]  Although the ALJ

---

[1]   Although the SSA clarified the regulations in 2000, the agency did not amend the regulations to provide that ALJs were required to consider and discuss a non-medical sources' opinion when it is contrary to, or inconsistent with, the medical evidence of record.

did find that Mullins "is limited to low stress with no production paced jobs," no evidence exists to support the statements concerning Mullins's use of the bathroom. [Tr., p. 20] Thus, Mullins' sister's statements are not fully supported by the objective medical evidence of record, and the ALJ was not required to specifically address these statements in his decision.

### IV.    CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, the Court finds that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby **ORDERED** as follows:

1.    Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

2.    The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

3.    The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 10th day of October, 2006.



Signed By:
*Danny C. Reeves*   DCR
United States District Judge